

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| ROMAN CLEMENT, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:19-666-MGL-KFM |
| | § | |
| SPARTANBURG STEEL PRODUCTS, INC., | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Roman Clement (Clement) filed this employment action against Defendant Spartanburg Steel Products, Inc. (SSP). The Court notes Clement failed to capitalize "Steel" in his amended complaint and added "Inc." The Court directs the Clerk to comport the docket with the caption of this Order.

In Clement's amended complaint, he alleges SSP breached its contractual duties under the Collective Bargaining Agreement (CBA). He also complains it retaliated against him, failed to promote him, and subjected him to unequal terms and conditions of employment– all based upon his race, in violation of Title VII. Clement is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting SSP's motion to dismiss all of Clement's claims be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 19, 2019, Clement filed a sur-reply as to SSP's motion to dismiss on August 20, 2019, and his objections on September 3, 2019. SSP filed its reply to the objections on September 17, 2020. The Court has carefully reviewed Clement's sur-reply and objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge advises the Court to grant SPP's motion to dismiss regarding Clement's CBA, retaliation, and failure to promote claims on the basis he failed to exhaust his administrative remedies as to these claims. The Magistrate Judge also recommends the Court grant SPP's motion to dismiss Clement's unequal terms and conditions of employment claim because he failed to state a claim upon which relief can be granted. The Magistrate Judge further suggests, because Clement has already been given an opportunity to amend his complaint, the Court should dismiss his complaint with prejudice.

As a prefatory matter, the Court will address SSP's statement in its reply to Clement's objections that "a court reviewing a magistrate's report and recommendation to dismiss may not consider arguments and alleged facts first raised in a Plaintiff's objections to a magistrate's report." SSP's Reply at 3 (citation omitted) (emphasis omitted). This is simply not so.

The Federal Magistrate's Act (the Act) provides that a district court, when reviewing a Magistrate Judge's Report and Recommendation, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[.]" 28 U.S.C. § 636(b)(1). "[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir.1992) (footnote omitted). This is so because, "[b]y definition, de novo review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to de novo review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate." *Id*.

The Act also states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). Consequently, "[b]ecause Congress used the permissive term 'may' in connection with the receipt of additional evidence, the question of whether to consider such evidence rests within the sound discretion of the district court." *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002).

Turning to Clement's objections, the Court observes that, at the bottom of each of the fourteen pages of Clement's objections, there is an identical blurb concerning *Swierkiewicz v. Sorema N. A*., 534 U.S. 506 (2002). The note, however, fails to set forth any application of the facts in Clement's case to *Swierkiewicz*.

Nothing in the Report is contrary to the holding in *Swierkiewicz*, which held that a plaintiff is not required to plead facts that constitute a prima facie case at the motion to dismiss stage. *Id*. at

3

511. ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to the extent Clement's references to *Swierkiewicz* are meant to suggest the Report is contrary to *Swierkiewicz*, the Court will overrule the objection.

In Clement's submission, he repackages several arguments the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's discussion and analysis of these issues, it need not repeat them here. Most of the remaining objections consist of nothing more than conclusory statements void of any substance, or so lacking in merit as to require no discussion. Therefore, the Court will overrule these objections.

There are, however, three exceptions. First, in both Clement's sur-reply and objections, Clement maintains his CBA claim falls under an exception to the exhaustion requirement.

Clement's CBA cause of action is governed by the Labor Management Relations Act (LMRA). *See Davis v. Bell Atlantic-West Virginia, Inc.*, 110 F.3d 245, 247 (4th Cir. 1997) ("Section 301 of the LMRA provides that suits for violation of collective-bargaining agreements may be filed in federal court."). For a CBA claim, the general rule is that, before filing suit, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 163 (1983).

In *Vaca v. Sipes*, 386 U.S. 171 (1967), however, the Court carved out two exceptions to the exhaustion requirement: "[1] the conduct of the employer amounts to a repudiation of those contractual procedures. . . . [and,] [2] the union as bargaining agent breached its duty of fair

representation in its handling of the employee's grievance." *Id*. at 185-86. Clement's argument rests on the second exception.

Clement cites to his amended complaint to support his contention: "I will further state by the Union representative not following up with my request to have a meeting of all parties which in the next step in the grievance process I believe constitutes bad faith representation and made the grievance process unavailable to me." Amended Complaint at 15.

The Magistrate Judge goes into great detail concerning the CBA grievance procedure and Clement's failure to abide by it. The Court need not repeat that discussion here. Suffice it to say step one of the grievance procedure requires that, if Clement was dissatisfied with his immediate supervisor's treatment of his complaint, he should have reduced his problem to writing and proceeded to step two, which involves his union representative. But, he never reduced his complaint to writing, thus he did not proceed to step two. And, because he did not proceed to step two, what his union representative did or neglected to do is of no moment. As such, the *Vaca* exception is inapplicable. Thus, the Court will overrule this objection.

Second, Clement maintains he made allegations regarding his failure to promote claim in his EEOC Inquiry Form and that those allegations were sufficient to exhaust his administrative remedies as to this claim. According to SSP, however, it "never received a copy of Plaintiff's EEOC Inquiry Form during the administrative phase of this matter. What's more, [it] didn't even receive a copy of this Inquiry Form when [Clement] filed his Amended Complaint." SSP's Reply at 8.

"In any . . . lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge." *Balas v. Huntington Ingalls Industries, Inc.*, 711 F.3d 401, 407 (4th Cir. 2013). As the Magistrate Judge observed, Clement's "charge does not include any allegation of discriminatory failure to promote." Report at 11. The Court, therefore, is unable to entertain any discriminatory failure to promote claims contained only

5

in Clement's EEOC Inquiry Form. *See id.* at 409. ("Any Title VII claims based on allegations included only in (the plaintiff's) intake questionnaire . . . are . . . outside the jurisdiction of the federal courts."). Accordingly, the Court will also overrule this objection.

Third, Clement objects to the Magistrate Judge's suggestion his case be dismissed with prejudice. According to Clement, he has located an attorney who may represent him and who could file an amended complaint.

In the Report, the Magistrate Judge advised that, because Clement "has been given an opportunity to file an amended complaint, and the amended complaint still fails to state a plausible claim, the district court should, in its discretion, dismiss the amended complaint with prejudice." Report at 15.

In an abundance of caution, the Court will sustain this objection, dismiss Clement's complaint without prejudice, and give his attorney fourteen days from the date of this Order to file an amended complaint. If his attorney fails to file an amended complaint within fourteen days of the filing of this order, however, Clement's complaint will be dismissed with prejudice.

The Court hastens to add its decision here is by no means a suggestion the Magistrate Judge erred in recommending dismissal with prejudice. After all, Clement failed to ask the Magistrate Judge to allow him time to find an attorney who will represent him in this matter.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Clements's objections, except the one concerning dismissal of his complaint with prejudice, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court SSP's motion to dismiss is **GRANTED** and Clement's complaint is **DISMISSED WITHOUT PREJUDICE**.

Clement's attorney has fourteen days from the date of this Order to file an amended complaint in this matter. If his attorney fails to do so, Clement's complaint will be dismissed with prejudice.

**IT IS SO ORDERED**.

Signed this 11th day of February, 2020, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

Clement is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.